**Ernest ROBINSON, Appellee,**

v.

**Donald W. WYRICK et al., Appellants.**

**No. 80–1302.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1980.

Decided Jan. 9, 1981.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

Hale W. Brown, Jr., Kirkwood, Mo., for appellee.

---

Before ROSS and HENLEY, Circuit Judges, and RENNER, District Judge.*

ROSS, Circuit Judge.

Ernest Robinson filed a petition for a writ of habeas corpus in the district court[1] alleging that the ineffective assistance of his counsel on appeal deprived him of the opportunity to appeal his 1976 conviction. Robinson was granted habeas corpus relief on March 26, 1980, and Donald Wyrick, as Warden of the Missouri State Penitentiary, appeals from that decision. We affirm.

Robinson appealed his 1976 conviction to the Missouri Court of Appeals. Due to his counsel's failure to file a brief which complied with the applicable state rules of civil procedure, however, the court held that none of the points argued in the brief were properly preserved for review. *State v. Robinson*, 555 S.W.2d 667 (Mo.App.1977). Robinson exhausted his state remedies and then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 9, 1979.

Robinson's petition was referred to the United States Magistrate for his report and recommendation. The magistrate decided that Robinson was denied effective assistance of counsel, but recommended that the requested relief was not appropriate because the points raised on Robinson's appeal were without merit, and therefore Robinson had failed to make a showing of prejudice. *See Morrow v. Parratt*, 574 F.2d 411, 412–13 (8th Cir. 1978). Although Judge Nangle agreed that the points raised on appeal were without merit, he held that it was inappropriate for the court to consider the merits of the petitioner's appeal, and the relief was therefore granted:

> In light of the above-cited authorities, this Court must conclude that petitioner has shown that he was prejudiced by his counsel's incompetency merely by showing that his appeal was dismissed without a ruling on the merits. It is not appropri-

ate for this Court to rule, in the first instance, on the merits of petitioner's direct appeal of his state criminal conviction. That is a matter more appropriately left to the state appellate process.

█ We agree with Judge Nangle that it is not appropriate for the district court to consider the merits of the petitioner's appeal under the circumstances of this case. In situations where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969); *Blanchard v. Brewer*, 429 F.2d 89 (8th Cir. 1970), *cert. denied*, 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971); *Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968).

The cases cited for this proposition all involve factual situations slightly different from that before us today. In those cases, counsel for the petitioners failed to take the steps necessary to file a notice of appeal. In *Rodriquez v. United States, supra*, 395 U.S. at 330, 89 S.Ct. at 1717, for example, the Supreme Court held that the failure of counsel to file a notice of appeal constituted a deprivation of defendant's right to appeal, and that the defendant did not have to specify the errors that would have been alleged on appeal:

> Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

Accordingly, other courts have refused to even look at the merits of a petitioner's appeal where there was no opportunity to

---

* The Honorable ROBERT G. RENNER, United States District Judge for the District of Minnesota, sitting by designation.

1. The United States District Court for the Eastern District of Missouri, Eastern Division; the Honorable John F. Nangle presiding.

raise those points in the first instance on direct appeal. *Riser v. Craven*, 501 F.2d 381, 382 (9th Cir. 1974).

 In the present case, counsel's abandonment of his client came after the filing of the notice of appeal. The abandonment took place when counsel submitted a brief on behalf of Robinson which, in the words of the Missouri Court of Appeals, "is flagrantly deficient and [which] preserves nothing for review." *State v. Robinson, supra,* 555 S.W.2d at 668. Under these narrow circumstances, where none of Robinson's alleged errors were preserved for review, we have no difficulty in concluding that Robinson was denied his right to a direct appeal of his conviction and that he was denied his constitutional right to effective counsel—just as much as if counsel had never filed a notice of appeal.[2]

This court has long recognized that "where a defendant has failed to obtain a fair appellate review of his conviction by reason of the denial to him of a constitutionally guaranteed right, means have been found to rectify the wrong by providing an appellate review of the conviction." *Williams v. United States, supra,* 402 F.2d at 552. In accordance with this policy, we affirm the district court's opinion and order entered on March 26, 1980, which directed the state to permit him to appeal his conviction and granted the writ of habeas corpus if the state did not comply.

---

**2.** As this court stated in *Williams v. United States*, 402 F.2d 548, 552 (1968):

It is our view that Williams was abandoned by his court-appointed counsel during the period allowed him for taking an appeal. If it can be said that counsel was nominally acting for him, the result would be no different. It is undisputed that on the day after sentence Williams unequivocally advised his counsel of his desire to appeal and that he had consistently maintained such a position. The record clearly shows that Mr. Howard understood that Williams desired to appeal.

The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would, as stated by the District of Columbia Circuit in *Dillane v. United States*, 121 U.S.App.D.C. 354, 350 F.2d 732, constitutes "such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255." * * *.

We hold Williams was deprived of his constitutional right to effective assistance of counsel at the critical time between sentence and the expiration of time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction.