Horace Edward HOLLIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 81–2184.

United States Court of Appeals,
Eighth Circuit.

Submitted May 21, 1982.

Decided Aug. 30, 1982.

Rehearing Denied Oct. 14, 1982.

John D. Evans, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U. S. Atty., Edward L. Dowd, Jr., Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and ALSOP,* District Judge.

ROSS, Circuit Judge.

This is an appeal from the district court's[1] denial of Hollis' habeas petition filed pursuant to 28 U.S.C. § 2255. We reverse in part and affirm in part.

Hollis was indicted on June 1, 1979, on eleven counts of interstate transportation of forged securities, in federal district court in Delaware under 18 U.S.C. § 2314. Hollis consented to a transfer of the case to the Eastern District of Missouri pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

On June 5, 1979, the government made an oral motion for a psychiatric examination, which motion was granted by the district court. On August 2, 1979, the district court reviewed the psychiatric report of Hollis' examination at the Springfield Medical Center and concluded that Hollis was competent. Also at the June 5 hearing, the district court accepted Hollis' pleas of guilty to five of the eleven counts. Pursuant to the plea agreement the government dismissed the other six counts. On August 20, 1979, Hollis was sentenced to five consecutive five-year sentences for a total sentence of twenty-five years.

On September 10, 1979, Hollis' attorney filed a notice of appeal. On January 14, 1981, this court dismissed the appeal for failure to file within ten days under Rule 4(b) of the Federal Rules of Appellate Procedure. *United States v. Hollis*, 647 F.2d 167 (8th Cir. 1981). Hollis filed this habeas action on February 3, 1981. The district court reviewed Magistrate David D. Noce's report and recommendation and dismissed the habeas petition.

On appeal Hollis argues: (1) that he was denied effective assistance of counsel due to his attorney's failure to file a timely appeal; (2) that he was denied effective assistance of counsel due to his attorney's failure to order an independent psychiatric examination; and (3) that his guilty plea was involuntary.

*I. Untimely Appeal*

Hollis argues he was denied effective assistance of counsel because his attorney failed to file a timely notice of appeal from the sentence and conviction, which failure resulted in a dismissal of the appeal. The district court denied the habeas petition because:

> While the failure to file the notice of appeal within the required period of time violated Hollis' right to effective assistance of counsel, there is no prejudice to Hollis by this failure, because he does not allege what claims were not considered on appeal, other than those which were raised in the instant § 2255 proceeding and which have been found to be without merit. [Citation omitted.]

---

* The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

Hollis argues that no showing of prejudice or likelihood of success on the merits need be made to show ineffective assistance of counsel for failure to file a timely appeal. We agree.

■ The standard established in this circuit is that "trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977) (footnote and citation omitted). Additionally, petitioner must show that his attorney's failure prejudiced his defense. *Id.* at 666.

■ It is clear that

[t]he failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would * * * [constitute] "such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel, cognizable under Section 2255."

*Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968) (citations omitted). Hollis and his attorney testified at the habeas hearing that Hollis had informed his attorney of his wish to appeal his sentence. Hollis' attorney stated that the delay in filing the notice of appeal was inadvertent. We agree with the district court that the attorney's failure to file a timely notice of appeal of Hollis' sentence and conviction did amount to ineffective assistance of counsel.

Regarding the requirement that petitioner show that the attorney's failure prejudiced his defense, this court has stated that "[i]n situations where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal." *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981) (citations omitted). In *Robinson*, counsel brought the appeal but filed a deficient brief. The court held that

where none of Robinson's alleged errors were preserved for review, we have no difficulty concluding that Robinson was denied his right to a direct appeal of his conviction and that he was denied his constitutional right to effective counsel—just as much as if counsel had never filed a notice of appeal.

*Id.* at 759 (footnote omitted).

The court in *Robinson* followed the rule originally established in this circuit in *Williams v. United States, supra*, 402 F.2d 548 and announced by the Supreme Court in *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969) of not requiring a petitioner to specify the points he would raise on appeal in order to make a showing of ineffective assistance of counsel where no notice of appeal was filed.[2] *Accord Barnes v. Jones*, 665 F.2d 427, 434 (2d Cir. 1981); *Kent v. United States*, 423 F.2d 1050, 1051 (5th Cir. 1970); *Grooms v. Solem*, 520 F.Supp. 1184, 1186 (D.S.D.1981). Hollis need not show that he was prejudiced by his attorney's failure to file a timely notice of appeal.

■ The procedure followed by this court to remedy petitioner's deprivation of his constitutional right to effective assistance of counsel is to vacate the sentence and to remand the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence. *Williams v. United States, supra*, 402 F.2d at 552. We adopt this procedure here and accordingly order a remand for resentencing.

John D. Evans, Jr., court appointed counsel who has efficiently and ably represented

---

**2.** This court in one instance held that a petitioner failed to show that his attorney's failure to file a direct appeal denied him effective counsel where petitioner did not state what grounds were available for an appeal. *United States v. Neff*, 525 F.2d 361 (8th Cir. 1975). However, *Neff* is not applicable to the present case because there the attorney advised Neff that he had no grounds for an appeal. Neff argued that his attorney's advice amounted to ineffective assistance and not that his attorney failed to file an appeal when instructed by Neff to do so. In the present case it is clear that Hollis instructed his attorney to take an appeal. Hollis' attorney did not follow his client's instructions. *United States v. Neff* is therefore distinguishable from the present case.

Mr. Hollis in this action, shall continue to represent Hollis in this litigation unless and until relieved of such obligation by this court or the district court.

## II. Psychiatric Exam

Hollis argues he was denied effective assistance of counsel because his attorney failed to order an independent psychiatric examination to determine Hollis' competency. Hollis argues that he was not satisfied with the results of the court's psychiatric examination and told his attorney that he wanted a more thorough examination.

■ The district court held that a second psychiatric evaluation was not required because there was no evidence that Hollis was incompetent. Hollis cooperated with his attorney in the preparation of his case; had no previous psychiatric involvement; and elicited no signs of mental instability. Hollis' attorney's failure to order a second psychiatric examination, where there was no evidence that such an examination was necessary, did not amount to a failure to exercise the customary skills and diligence of a reasonably competent attorney under the standard for effective assistance established in *United States v. Easter, supra,* 539 F.2d at 666. *See Harkins v. Wyrick,* 552 F.2d 1308, 1313–14 (8th Cir. 1977).

## III. Guilty Plea

■ Hollis argues that his guilty plea was involuntary because he relied on his attorney's representations that the maximum sentence Hollis would receive would be five years. Hollis also argues that his attorney failed to inform him of the maximum sentence allowed under the statute.[3]

■ The district court found that although Hollis and his attorney may have believed the sentence would not exceed five years, their expectations were based only on the attorney's opinion. The rule is clear that a defendant cannot set aside a guilty plea merely because he relied on his attor-

ney's opinion that the sentence would be a lenient one. *Greathouse v. United States,* 548 F.2d 225, 228 n.6 (8th Cir.), *cert. denied,* 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977). Where "a defendant is invariably informed that the sentencing decision rests solely in the discretion of the trial court," *United States v. Goodman,* 590 F.2d 705, 711 (8th Cir.), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979), and where the defendant states at the sentencing hearing that he understood the negotiated plea and that there were no promises other than the plea agreement, *Pennington v. Housewright,* 666 F.2d 329, 332 (8th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the plea will not be set aside as involuntary.

■ Both Hollis and his attorney testified at the habeas hearing that they expected the sentence to be more lenient. However, there was no evidence that any promises were made as to what the sentence would be. Hollis understood that the sentencing was entirely within the discretion of the trial judge; he stated at the sentencing hearing that no promises had been made as to the length of the sentence; and he was informed by the court of the maximum possible sentence. Under these circumstances, we cannot say that the trial court erred in determining that the plea was voluntarily made.

Reversed in part and affirmed in part.

---

**3.** We find no merit in the latter argument because Hollis testified that the district court fully informed him of the maximum possible sentence at the sentencing hearing. Hollis does not contend that he was unaware of the maximum sentence; only that his attorney did not so inform him.