**J.C. BELL, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 85–1640.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1986.

Decided July 9, 1986.

Gary Corum, Little Rock, Ark., for appellant.

Clint Miller, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

J.C. Bell was convicted of capital felony murder in an Arkansas state court in 1974 for his participation in the robbery and killing of a store owner. He was sentenced to life imprisonment without parole when the jury deadlocked on the death penalty issue. His petition for a writ of habeas corpus was denied by the United States District Court for the Eastern District of Arkansas, and this appeal followed.

Because we agree with the district court that Bell was denied effective assistance of counsel on appeal when his attorney failed to correctly advise Bell concerning the risks of a direct appeal and because we find that Bell was prejudiced thereby, we vacate the judgment of the district court and remand with directions to issue the writ of habeas corpus unless the state will allow Bell an untimely appeal. Further, because our decision may render moot the remaining issues raised by Bell[1] we decline to decide those issues at this time.

## I. BACKGROUND

Bell's conviction arose out of a robbery of a shoe store in Pine Bluff, Arkansas, on February 9, 1974. Two black men were seen entering the store while a third waited in a car in the alley. The cash register was robbed of its contents and the store owner, a prominent white businessman, K.B. Allen, was shot and killed. On February 12, 1974, Bell, and two other black men,[2] were charged with first degree murder in the perpetration of robbery. On March 20, 1974, the information charging Bell was amended to reflect a charge of capital felony murder in the perpetration of a robbery.

Bell, the first of the three co-defendants to be tried[3] was represented by a court-appointed attorney with eleven years experience as a civil lawyer but who had never tried a criminal case to a jury. Bell's trial attorney requested a continuance which was denied, but failed to seek a change of venue. Following a two-day trial, which commenced forty-four days after the murder, the jury convicted Bell of capital felony murder. When the jury failed to agree on the imposition of the death penalty, the trial court imposed a sentence of life imprisonment without parole.

After Bell's conviction his attorney erroneously advised Bell that if he succeeded on appeal and was granted a new trial, Bell would again be faced with the possibility of the death penalty, and as a result Bell did not file a direct appeal.[4]

On September 23, 1975, Bell filed a Rule 1 petition (now termed Rule 37 Post-conviction Proceedings and Relief) in the Circuit Court of Jefferson County where he was tried. He made many allegations of error but after two amendments of his petition, his main contention was that he was not given a fair trial due to ineffective assistance of counsel. His petition was denied following a hearing before the trial court and the denial of post-conviction relief was affirmed by the Arkansas Supreme Court on May 19, 1980. *Bell v. State*, 269 Ark. 85, 598 S.W.2d 738 (1980).

Bell then filed a petition for a writ of habeas corpus in federal district court. An evidentiary hearing was conducted by a United States magistrate who recommended that the writ be denied. The district court adopted the magistrate's recommended findings and conclusions in large part, added its own analysis on two issues and denied the writ in November of 1984. The district court later vacated the November 1984 judgment after Bell filed a motion in light of *Grigsby v. Mabry*, 758 F.2d 226

---

1. Those contentions raised by Bell which will not now be considered by this court may be stated as follows:

   a) whether Bell was denied effective assistance of counsel at his trial;

   b) whether denial of Bell's request for continuance of his trial deprived him of his constitutional rights; and

   c) whether the questioning of some jurors concerning "death scruples" and the prosecutor's use of peremptory challenges to remove those jurors violated Bell's right to a fair, impartial and representative jury.

2. Timothy Armstrong, Jr. and Arthur Lee Botany.

3. Botany was tried and convicted of felony murder in August of 1974. The conviction was reversed by the Arkansas Supreme Court and following a second trial, Botany was acquitted. Timothy Armstrong, Jr. pleaded guilty to a lesser crime and received a 21 year sentence.

4. In making this factual determination the district court credited the testimony of Bell's trial attorney whose version of the reasoning behind Bell's decision not to appeal was consistent throughout the proceedings. This factual finding is not clearly erroneous.

(8th Cir.1985) (*en banc*).[5] Following its review of the briefs on the death-qualification issue, the district court again denied the writ. This appeal followed.

## II. DISCUSSION

Bell argues that he was denied his constitutional right to effective assistance of counsel on appeal when his attorney failed to correctly advise him of the risks of a direct appeal, which failure resulted in Bell losing a direct appeal of his conviction. We agree.

There exists a constitutional right to effective assistance of counsel on the appeal of a criminal conviction. The United States Supreme Court has recently expressly held that the due process clause of the fourteenth amendment guarantees effective assistance of counsel on first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821 (1985). In *Evitts*, the prisoner lost his direct appeal because his attorney failed to file a statement of appeal required by the Kentucky Supreme Court Rules and the United States Supreme Court affirmed the lower courts' grant of a conditional writ of habeas corpus to rectify the violation of the defendant's constitutional right. *Id.*, 105 S.Ct. at 832–33. Moreover, this circuit has repeatedly recognized, prior to *Evitts*, that when a criminal defendant fails to obtain fair appellate review of his conviction he is deprived of his constitutional right to appellate review of his conviction. *Riley v. Wyrick*, 712 F.2d 382, 387 (8th Cir.1983); *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982), *cert. denied*, 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983); *Robinson v. Wyrick*, 635 F.2d 757, 759 (8th Cir.1981); *Williams v. United States*, 402 F.2d 548, 552 (8th Cir.1968).

Thus, having established the existence of Bell's right to effective assistance of counsel on appeal we must analyze whether he has established a violation of that right. We must evaluate Bell's claim of ineffective assistance of counsel under the two-part test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[6] An attorney renders ineffective assistance only if his performance was deficient and the defendant suffered prejudice as a result of the deficient performance. *Beavers v. Lockhart*, 755 F.2d 657, 660 (8th Cir.1985).

In this case the district court considered Bell's argument that his attorney rendered ineffective assistance by failing to correctly advise Bell concerning the risks of a direct appeal. The district court held that the attorney's erroneous advice was clearly deficient performance and met the first prong of the *Strickland* test. There is no challenge to the district court's finding that the attorney's erroneous advice was deficient. Therefore, for purposes of this appeal, it is established that the attorney's erroneous advice constituted deficient performance that was not reasonable under the prevailing professional norms in view of all the circumstances in this case. *See Bullington v. Missouri*, 451 U.S. 430, 446, 101 S.Ct. 1852, 1862, 68 L.Ed.2d 270 (1981); *Collins v. State*, 261 Ark. 195, 548 S.W.2d 106, 114 (1977) (en banc); *Fuller v. State*, 246 Ark. 704, 439 S.W.2d 801, 804 *cert. denied*, 396 U.S. 930, 90 S.Ct. 260, 24 L.Ed.2d 228 (1969); *Sneed v. State*, 159 Ark. 65, 255 S.W. 895, 901 (1923).

Turning to the second prong of the *Strickland* test we must consider whether Bell was prejudiced as a result of the deficient performance.[7] The district court con-

---

5. This case has recently been reversed by the Supreme Court. *Lockhart v. McCree*, —— U.S. ——, 106 S.Ct. 1758, 1770, 90 L.Ed.2d 137 (1986).

6. In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court left open the question of the appropriate standards for judging claims of ineffective assistance of appellate counsel, *id.*, 105 S.Ct. at 833, but this court has evaluated such claims under *Strick-*

*land v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, e.g., Beavers v. Lockhart*, 755 F.2d 657, 660–61 (8th Cir.1985). This was also the analysis adopted by the district court.

7. We acknowledge that our pre-*Strickland* cases did not require a showing of prejudice in situations where ineffective assistance of counsel deprived a defendant of his right to appeal. *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.

cluded that Bell had not established a showing of prejudice under *Strickland*, because it reasoned that Bell would not have been granted relief on direct appeal because all of his points of appeal had implicitly been reviewed and rejected by the Arkansas Supreme Court in Bell's appeal from the denial of state post-conviction relief.

Bell challenges this finding primarily on the ground that under Arkansas law post-conviction proceedings are not a substitute for a direct appeal. We are persuaded by Bell's argument on this point and therefore are unable to agree with the district court that prejudice has not been shown.

We simply cannot agree with the district court that the Arkansas Supreme Court's review of Bell's post-conviction petition was a constitutionally adequate substitute for a direct appeal.[8] The Arkansas cases are uniform in holding that Rule 37 proceedings are not a substitute for a direct appeal and that the standards of review are different because a petitioner cannot raise questions which might have been raised at trial or on the record on direct appeal, unless the questions are so fundamental as to render the judgment void. *See, e.g., McCroskey v. State,* 278 Ark. 156, 664 S.W.2d 271, 272 (1983). Thus, it seems clear that certain alleged trial errors, such as Bell's claim that the trial court abused its discretion when it denied his pretrial motion for a continuance, have never been directly reviewed by the Arkansas Supreme Court and this constitutes prejudice to Bell. Because Bell lost his direct appeal due to his attorney's unprofessional error and be-

cause his post-conviction proceeding was not a substitute for a direct appeal, we hold that Bell has made a sufficient showing of prejudice under *Strickland.*

## III. CONCLUSION

Accordingly, Bell has established a violation of his constitutional right to effective assistance of counsel on appeal and is, under *Evitts, supra,* entitled to a conditional grant of habeas relief. The judgment of the district court is vacated and this case is remanded to the district court to direct the State of Arkansas to permit Bell a belated direct appeal and, if the state refuses to permit this appeal, to issue the writ of habeas corpus.

---

1982), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983); *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir.1981). These cases were based upon *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) in which the Supreme Court held that the failure of counsel to file a notice of appeal constituted a deprivation of defendant's right to appeal and the defendant did not have to specify the errors that would have been alleged on appeal. *Id.* at 330, 89 S.Ct. at 1717. Since we are applying the *Strickland* analysis in this case and holding that Bell established a violation under the *Strickland* two-part test, we need not decide whether *Strickland* overrules *Rodriquez.*

8. The district court inferred that the Arkansas Supreme Court reviewed all errors prejudicial to Bell in his post-conviction proceeding because its own Rule 11(f) requires the court to review all prejudicial errors in capital cases. This inference is unfounded. The rule relied upon by the district court is found in the section of the Arkansas statutes dealing with direct appeals and as the state itself points out, no case can be found where the Arkansas Supreme Court has ever expressly applied Rule 11(f) to an appeal of a trial court's denial of a post-conviction petition.