**Manfred Lewis ESTES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 88–5133.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1989.
Decided Aug. 28, 1989.

Michael R. Hoffman, Bismarck, N.D., for appellant.

Lynn C. Jordheim, Bismarck, N.D., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Manfred Lewis Estes appeals pro se from the District Court's[1] denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We remand for an evidentiary hearing on his claim of ineffective assistance of counsel. In all other respects, we affirm the decision of the District Court.

## I.

Estes, an Indian, was originally charged in a four-count indictment with the sexual abuse of his two stepchildren. In May 1986, Estes appeared with appointed counsel before the District Court,[2] expressed satisfaction with his lawyer's services, and, in accordance with a plea agreement, offered to change his plea to guilty on two counts of the indictment. Upon the court's questioning, however, Estes denied committing the charged acts, and the court refused to accept the guilty plea.

In July 1986, Estes again appeared before the District Court to change his plea.[3] Under this plea agreement, the four-count indictment would be dismissed, Estes would plead guilty to one count of "gross sexual imposition" in violation of 18 U.S.C. § 1153 and North Dakota laws, and the government would recommend a prison sentence of no more than five years. The court advised that the maximum possible sentence was twenty years and that the plea agreement was not binding on the court. Estes responded affirmatively when the court asked whether he understood the nature of the charge, whether the descrip-

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. The Honorable Bruce M. Van Sickle, Senior Judge, United States District Court for the District of North Dakota.

3. Chief Judge Conmy presided over these proceedings, as well as the sentencing proceedings.

tion of the plea agreement coincided with his understanding of what had been agreed upon, and whether he was aware that the agreement was nonbinding. Estes also confirmed the factual accuracy of the charge to which he was pleading guilty. The court thereupon accepted his plea.

In September 1986, the court reviewed the terms of the plea agreement and sentenced Estes to twenty years imprisonment. Estes did not file either a direct appeal or a motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure.

In December 1987, Estes filed this pro se section 2255 motion alleging three grounds for vacating his sentence: (1) his guilty plea was procured by false promises in that, in breach of the plea agreement, he received a twenty-year sentence; (2) he was denied his appeal rights in that his attorney ignored his request to appeal; and (3) he was denied effective assistance of counsel in that his attorney failed to perfect his appeal, file a Rule 35 motion, and object to the court's breach of the plea agreement, and "rendered a lot of misadvice."

The District Court rejected the first ground, concluding that the government had fully performed its obligations under a plea agreement that Estes had been advised was not binding on the court. The Court reaffirmed its position that the twenty-year sentence was appropriate.

The District Court also summarily rejected the allegations that counsel was ineffective for failing to object to the court's refusal to follow the sentencing recommendation, and for failing to file a Rule 35 motion. The court ordered the government, however, to show cause why Estes was not entitled to a hearing on his claim of ineffective assistance based on counsel's misadvice and failure to file an appeal. After the government filed its response, along with an affidavit from Estes's counsel, and Estes filed his traverse, the District Court denied the section 2255 motion without a hearing. This appeal followed.

## II.

Estes argues on appeal that (1) his guilty plea was unintelligent because his attorney's misadvice denied him effective assistance of counsel during the plea process, (2) his guilty plea was involuntary because his attorney coerced him to plead guilty, and (3) his attorney's failure to file an appeal at his request denied him effective assistance of counsel during the appeal process. Estes requests that his guilty plea "be withdrawn and a new trial date set."

### A.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, 106 S.Ct. at 58. The "prejudice" prong of the test requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370 (footnote omitted).

Estes's section 2255 motion alleged, without elaboration, that his counsel "rendered a lot of misadvice." This conclusory allegation is insufficient to rebut the strong presumption of counsel's competence. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983). A very liberal construction of this allegation suggests a claim that counsel erroneously advised Estes to accept a plea agreement that was nonbinding, and failed to ensure that Estes grasped the significance of the "nonbinding" aspect.

■ Even assuming that counsel failed to explain adequately the nature of the plea agreement, the following excerpt from the transcript of the plea proceedings reveals that the trial court verified Estes's understanding of the matter.

**The Court:** And am I correct, without specifically following the numbers you cited, that this is a nonbinding plea agreement upon the Court?

**Mr. Kettleson [counsel for the government]:** Your Honor, it's a plea agreement pursuant to 11(e)(1)(B) of the Rules, which in effect is nonbinding. It's a recommendation on my part.

**The Court:** It's nonbinding. Mr. Estes, have you heard the two counsel describe what the agreement is?

**The Defendant:** Mm-hmm (nodding).

**The Court:** Is that your understanding of what was worked out?

**The Defendant:** Yeah; I guess so.

**The Court:** Are you aware that it isn't absolutely binding on the Court; that I could give you more or I could give you less at the time of sentencing?

**The Defendant:** Mm-hmm (nodding).

**The Court:** You're aware of that?

**The Defendant:** Yes.

**The Court:** That gamble, that risk you're taking?

**The Defendant:** Yeah.

\*　　\*　　\*　　\*　　\*　　\*

**The Court:** And what is your plea, sir?

**The Defendant:** Guilty.

Plea Transcript of July 31, 1986 at 7–8. We therefore agree with the District Court that no prejudice could be shown from any misadvice related to Estes's plea and, consequently, that a hearing was unnecessary on this claim of ineffective assistance of counsel. *See Hill,* 474 U.S. at 60, 106 S.Ct. at 371. *Cf. United States v. Runck,* 817 F.2d 470, 471 (8th Cir.1987) (whether challenge to guilty plea rests on claim of ineffective assistance or violation of Fed.R. Crim.P. 11, federal habeas petitioner must allege and prove causal connection between claim and plea).

## B.

■ Estes's reply brief in this appeal raises for the first time the claim that his guilty plea was involuntary because it was coerced by his attorney. Because this claim was not presented to the District Court, it is not properly before us, and we decline to consider it. The general rule is that this Court will not consider issues not raised below, *see, e.g., Glick v. Walker,* 834 F.2d 709, 711 (8th Cir.1987), and an exception is not called for here.

## C.

Estes alleged in his section 2255 motion that because his appointed trial counsel ignored his request to file an appeal, he was denied the right to effective assistance of counsel and the right to an appeal. In an affidavit filed by the government with its response to the District Court's show cause order, appointed counsel essentially denied that such a request was made. Estes, however, insisted in his traverse that he made the request "right after sentencing" or within two or three days of sentencing.

The District Court acknowledged this factual dispute, but did not hold an evidentiary hearing to resolve it. Instead, the court reasoned that even if Estes could establish that he made the request, he had failed to show prejudice resulting from counsel's failure to perfect an appeal because he did not "set forth any valid issues that he would have raised on appeal" and, furthermore, the court could not imagine any possible issues "other than those already raised in his 2255 motion." *United States v. Estes,* No. C4-85-41-01, slip op. at 4 (D.N.D. Feb. 23, 1988).

■ A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985); *Bell v. Lockhart,* 795 F.2d 655, 657 (8th Cir.1986). This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255. *E.g., Hol-*

*lis v. United States,* 687 F.2d 257, 259 (8th Cir.1982), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed:2d 462 (1983); *Williams v. United States,* 402 F.2d 548, 552 (8th Cir.1968). Although these are pre-*Strickland* cases, *Hollis* was decided when the established standard for ineffective assistance required a defendant to show both incompetent attorney performance and resulting prejudice to his or her defense. 687 F.2d at 259.

This Court noted in *Hollis* that " 'where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal.' " *Id.* (quoting *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir.1981)). The *Hollis* court continued to follow the rule announced in *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969), and followed in *Robinson,* of "not requiring a petitioner to specify the points he would raise on appeal in order to make a showing of ineffective assistance of counsel where no notice of appeal was filed." 687 F.2d at 259 (footnote omitted). Hollis, who had pleaded guilty, thus was not required to show prejudice from his attorney's failure to file a timely appeal. *Id.* The Court vacated his sentence and remanded for resentencing, with "the time for appeal then commencing to run from the date of the resentence." *Id.* The remand was ordered even though the Court rejected Hollis's claim that "his guilty plea was involuntary because he relied on his attorney's representations" as to the sentence he would receive. *Id.* at 260.

In *Bell,* we considered a section 2254 claim that the petitioner was deprived of a direct appeal of his conviction because his attorney incorrectly advised him of the risks of appeal. 795 F.2d at 657–58. The Court noted that *Hollis* and *Robinson,* in reliance on *Rodriquez,* did not require a showing of prejudice in such a situation, but stated, "[s]ince we are applying the *Strickland* analysis in this case and holding that Bell established a violation under the *Strickland* two-part test, we need not decide whether *Strickland* overrules *Rodriquez.*" *Id.* at 657 n. 7.

Subsequently, in reference to another section 2254 claim of ineffective assistance partly based on failure to file a direct appeal of the petitioner's conviction, this Court stated that "deficient attorney performance in perfecting an appeal is prejudicial under the *Strickland* ... standard for determining ineffective assistance of counsel." *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). Because there was a factual dispute as to whether Williams had requested his attorney to file an appeal, the Court remanded the case to the district court for an evidentiary hearing on the ineffective assistance claim. *Id.* at 1137–38.

We believe that *Williams* controls our decision in this case. Because the record does not "conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, we vacate the dismissal of Estes's claim that his counsel was ineffective by reason of counsel's ignoring Estes's request that an appeal be filed, and we remand this claim to the District Court for a hearing on the issue of whether Estes requested his counsel to file an appeal. Should the District Court determine that appellant is entitled to relief, the prior judgment of conviction and sentence should be vacated and a new judgment entered which would enable Estes to appeal therefrom after such entry. In all other respects, the judgment of the District Court is affirmed.