1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lucille Marie YARBROUGH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36530.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1993.*
Decided July 15, 1993.
 
 Before GOODWIN, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yarbrough appeals the denial of a writ of habeas corpus. She claims two bases for relief under 28 U.S.C. Sec. 2255: (1) her guilty plea was not intelligently and voluntarily made, and (2) she was denied the effective assistance of counsel. We affirm.
 
 
 3
 * Appellant was indicted for possession of 453.6 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The penalty for this violation ranges from a minimum of five years in prison to a maximum of forty years in prison. 21 U.S.C. Sec. 841(b)(1)(B)(viii).
 
 
 4
 Defense counsel negotiated a plea agreement in which the government agreed: (1) to recommend a two level reduction in appellant's offense level for acceptance of responsibility; (2) to forego filing an information of prior convictions which would have enhanced appellant's sentence to a minimum of ten years in prison; and (3) to recommend that appellant be sentenced at the low end of the appropriate guideline range. In return, appellant agreed to plead guilty to violation of 21 U.S.C. Sec. 841(a)(1), to assist the government in its investigation and prosecution of a co-defendant, and to forego any appeal of the sentence imposed by the trial court.
 
 
 5
 Appellant was sentenced to seventy-eight months in prison and four years of supervised release.
 
 II
 
 6
 The decision to deny a petition for habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). "To the extent that it is necessary to review findings of fact, the clearly erroneous standard applies." Id.
 
 III
 
 7
 Appellant claims that the district court erred in finding that her guilty plea was knowingly and intelligently made. She asserts that defense counsel misinformed her that the maximum sentence which she could receive pursuant to the plea agreement was five years in prison and that absent a guilty plea her sentence could be fifteen years in prison. The record shows that defense counsel correctly informed her of the possible maximum sentence in a letter dated August 16, 1991, and that the plea agreement which she signed on August 20, 1991 also contained this information. She contends, however, that she was unable to comprehend either of these documents because of her low level of literacy.
 
 
 8
 Appellant's claim is not supported by the record. Assuming arguendo that defense counsel failed to communicate to appellant the possible penalty she faced under the plea agreement, the trial judge's compliance with Federal Rule of Criminal Procedure 11 insured that appellant's plea was voluntary. See United States v. Turner, 881 F.2d 684, 686-87 (9th Cir.1989) (holding that defense counsel's incorrect estimate of sentence does not render plea involuntary). Prior to accepting appellant's plea, the trial judge told appellant in open court that she should realize that she was pleading guilty "with the knowledge that the maximum is 40 years imprisonment and a fine of not more than $2 million or both, and a $50 fee assessment, as well as a period of supervised release of four years." The record thus shows that appellant's plea was made with knowledge of the possible penalties which could be imposed at sentencing, and that her reading ability was irrelevant on that point.
 
 IV
 
 9
 Appellant also claims that she was denied the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984), requires appellant to demonstrate that (1) defense counsel's performance was deficient and (2) such deficient performance prejudiced the defense. Id. at 687. She alleges that defense counsel misinformed her regarding the charges of the indictment, the nature of the plea negotiations, and the maximum penalty which the trial court could impose upon her. Appellant maintains that this erroneous information wrongfully induced her to plead guilty and to believe that there were no issues to be raised on appeal.
 
 
 10
 The record demonstrates that defense counsel accurately informed appellant regarding all aspects of her case. Assuming, however, that appellant failed to comprehend her counsel's written communications, appellant has not produced evidence of prejudicial impact. First, the trial judge ensured that appellant understood that the basis of her indictment was her attempt to purchase methamphetamine. Second, the judge accurately summarized the provisions of the plea agreement. Finally, the judge stated the range of penalties that appellant could receive upon a plea of guilty. In sum, the record demonstrates that appellant entered her plea with full knowledge of all relevant considerations.
 
 
 11
 Furthermore, appellant is mistaken in her reliance upon United States v. Tajeddini, 945 F.2d 458 (1st Cir.1991), Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990), and Estes v. United States, 883 F.2d 645 (8th Cir.1989). These cases stand for the proposition that an attorney's failure to proceed on appeal when so instructed by a client constitutes ineffective assistance of counsel. Tajeddini, 945 F.2d at 466 (counsel's failure to file notice of appeal following representation at sentencing that petitioner would appeal); Abels, 913 F.2d at 823 (counsel's failure to perfect appeal); Estes, 883 F.2d at 648-49 (counsel's failure to file notice of appeal when so instructed by client). In the present case, by contrast, appellant voluntarily waived her right to appeal pursuant to the plea agreement. There is no evidence that defense counsel failed to comply with any instruction by appellant to proceed with an appeal. In addition, the voluntary nature of appellant's waiver was confirmed by the trial judge prior to acceptance of appellant's plea.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3