56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eduardo ACEVEDO-AREOS, also known as Jose Luis Sanchez, also
known as Jose Madariaga, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3938.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1995.
Filed: May 17, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eduardo Acevedo-Areos appeals from the final order entered in the district court denying his 28 U.S.C. Sec. 2255 motion alleging, inter alia, his trial counsel was ineffective by failing to file a notice of appeal.
 
 
 2
 In April 1994, pursuant to an agreement with the government, Acevedo-Areos, a citizen of Mexico, pleaded guilty to re-entry into the United States as a previously deported alien, in violation of 8 U.S.C. Sec. 1326(a). The district court sentenced him to 24 months of imprisonment followed by two years of supervised release, and ordered him deported; Acevedo-Areos did not appeal. In October 1994, Acevedo-Areos filed this section 2255 motion which the district court denied without obtaining a response from the government.
 
 
 3
 We have held that "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). On the present state of the record, the government concedes remand for an evidentiary hearing is necessary. Because the record is inconclusive as to whether Acevedo-Areos's trial counsel performed deficiently in not filing a notice of appeal, we conclude the district court should have held an evidentiary hearing on this issue. See id.; see also Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (this court compelled to remand for hearing if motion, files, and records of case were inconclusive regarding whether defendant instructed counsel to file criminal appeal).
 
 
 4
 As to Acevedo-Areos's other claims on appeal, the district court properly denied his claim that counsel was ineffective for failing to file motions and objections to the presentence report, because Acevedo-Areos failed to show how he was prejudiced by counsel's performance. See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994). The district court did not abuse its discretion in denying Acevedo-Areos's motion for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). We deny Acevedo- Areos's motion for appointment of counsel on appeal.
 
 
 5
 Accordingly, we affirm in part, reverse in part, and remand to the district court with instructions to conduct an evidentiary hearing for the sole purpose of determining whether counsel was ineffective for failing to file a notice of appeal.