# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2332

———————

James Patton,                          *
                                       *
      Appellant,               *
                                       * Appeal from the United
States
    v.                             * District Court for the
                                       * Southern District of
Iowa.
United States of America,              *
                                       *          [UNPUBLISHED]
      Appellee.               *

———————

Submitted:  July 1, 1997

Filed: July 10, 1997

———————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit                    Judges.

———————

PER CURIAM.

James Patton pleaded guilty to attempted bank robbery, in violation of 18 U.S.C. § 2113(a); he did not appeal his conviction and sentence. Patton subsequently commenced these proceedings, arguing his counsel had rendered ineffective assistance in several respects, including by failing to file an appeal on his behalf. The district court construed the pleading as a motion under 28 U.S.C. § 2255, and summarily dismissed it pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, determining that Patton's ineffective-assistance allegations were conclusory and that

the motion, files, and records of the case conclusively showed he was not entitled to relief. Patton appeals. We affirm in part, and reverse and remand in part.

As to most of counsel's alleged ineffectiveness, we agree that Patton's allegations were conclusory. He failed to refer to specific facts indicating there might be evidence to rebut the presumption that his counsel performed competently; or demonstrating that his counsel's conduct fell outside accepted professional standards, and that, but for counsel's unprofessional conduct, he would not have pleaded guilty. See Hill v Lockhart, 474 U.S. 52, 58-60 (1985); United States v. Estes, 883 F.2d 645, 647 (8th Cir. 1989).

As to the appeal issue, however, we believe Patton's allegations--that his counsel failed to file an appeal, resulting in the loss of his right to appeal or collaterally attack his sentence and conviction--were sufficient to withstand the district court's initial consideration of the motion. See Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (hearing required if motion, files, and records are inconclusive regarding whether movant instructed counsel to file appeal); Hollis v. United States, 687 F.2d 257, 259 (8th Cir. 1982) (" 'where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal' ") (quoted case omitted), cert. denied, 459 U.S. 1221 1983. Contrary to the government's argument, Patton was not required to plead the grounds on which he would have appealed. See Estes, 883 F.2d at 648. We therefore reverse the district court's dismissal as to this issue, and remand for further proceedings, during which Patton will have to establish he instructed his counsel to file an appeal. See id.

We have not reviewed those claims Patton raises for the first time on appeal. See id. at 648. We deny Patton's third request for appellate counsel.

Accordingly, we affirm in part, and reverse in part.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.