# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3158

_____

| | | |
|---|---|---|
| Randy Allan Shultz, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 19, 1999

Filed:  December 15, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Randy Allan Shultz filed a 28 U.S.C. § 2255 motion claiming he received ineffective assistance of counsel because his trial attorney failed to file a direct appeal. The district court denied Shultz's motion without an evidentiary hearing and Shultz appeals only the issue of whether he should have received a hearing. We affirm.

Shultz contends he should have received an evidentiary hearing because the parties dispute whether Shultz told his attorney to file an appeal. See Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (failure to file appeal as requested

by client is ineffective assistance of counsel for purposes of § 2255); Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989) (same). We disagree. Shultz was entitled to a hearing only if "the motion, files, and records of the case were inconclusive regarding whether [Shultz] instructed his counsel to file an appeal." Holloway, 960 F.2d at 1357; accord Estes, 883 F.2d at 649. In filing his § 2255 motion, Shultz ignored the motion instructions to state the "ground[s] on which [Shultz] claim[ed he was] being held unlawfully" and "the facts supporting each ground." Instead of complying with these clearly stated instructions and satisfying the requirement that a "habeas application must rest on a foundation of factual allegations presented under oath," United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751 (1997), Shultz offered the self-serving argument in an unsworn pro se brief that he was denied effective assistance when his attorney failed to file a requested appeal from the Guideline sentence imposed by the district court. Contrary to Shultz's view, "[f]acts alluded to in an unsworn memorandum will not suffice." Id.; Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (court must be able to determine from face of petition alone whether petition merits further review). Having satisfied ourselves that Shultz's motion was deficient on its face because the necessary fact that Shultz instructed his attorney to take an appeal was not verified, we conclude the district court did not abuse its discretion in denying Shultz's motion without an evidentiary hearing. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (standard of review).

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-