# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 99-3176

_____

|  |  |  |
|---|---|---|
| | * | |
| Steven Wayne Kurkowski, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:     June 26, 2000

Filed:     July 3, 2000

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In the 28 U.S.C. § 2255 proceedings below, appellant and defense counsel filed conflicting sworn statements on whether appellant had instructed counsel to file a notice of appeal in his criminal case. The district court dismissed the § 2255 motion without a hearing because it did not believe appellant could raise any meritorious issues on appeal. An evidentiary hearing is required if the motion, files, and records are inconclusive regarding whether a movant has instructed counsel to file an appeal.

See <u>Holloway v. United States</u>, 960 F.2d 1348, 1357 (8th Cir. 1992). We do not require a showing of prejudice or the likelihood of success on appeal when the issue is whether counsel deprived the movant of his right to a direct appeal. See <u>Hollis v. United States</u>, 687 F.2d 257, 259 (8th Cir. 1982). Accordingly, we reverse the district court's decision and remand for an evidentiary hearing on whether appellant instructed counsel to file an appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.