# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 00-1586

————————

Darnell Crutcher,      *
     *
         Appellee,      *    Appeal from the United States
     *    District Court for the
     v.      *    Eastern District of Missouri
     *
United States of America,      *    [UNPUBLISHED]
     *
         Appellant.      *

————————

Submitted:  February 14, 2001

Filed:  February 26, 2001

————————

Before LOKEN and BYE, Circuit Judges, and STROM,[1] District Judge.

————————

PER CURIAM.

The district court granted Darnell Crutcher's 28 U.S.C. § 2255 motion, and the government brought this appeal.  We reverse and remand for an evidentiary hearing to determine whether Crutcher requested his lawyer to file a notice of appeal.

In February 1998, Darnell Crutcher pleaded guilty to one count of conspiring to defraud the United States, and two counts of transporting stolen vehicles in interstate

---

[1]The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

commerce. The district court sentenced Crutcher to concurrent terms of 56 months in prison for each of the three counts.

Though Crutcher didn't appeal his conviction or sentence, he filed a 28 U.S.C. § 2255 motion challenging his sentence in January 1999. Crutcher utilized a check-a-box form provided by the Clerk of Court in the Eastern District of Missouri. He specified only one claim in the motion: that the district court improperly imposed a 2-level sentence increase for obstruction of justice. A different section of Crutcher's preprinted § 2255 form required him to explain whether he had directly appealed his conviction. Crutcher wrote,

> I asked my lawyer to appeal. My lawyer at trial had said not to do it, because he was getting me the best "deal" he could get and not to worry. He whispered to me and hushed me. I thought he was going to appeal.

The government opposed Crutcher's contention that an obstruction of justice enhancement was improper, noting that Crutcher stipulated to the enhancement in his plea agreement. The government didn't respond to Crutcher's allegation that his lawyer had failed to heed his request for an appeal.

The district court summarily rejected Crutcher's argument against imposing a 2-level increase for obstruction of justice. But the court construed Crutcher's remarks about an appeal as a claim of ineffective assistance of counsel, and the court determined that Crutcher's trial lawyer was ineffective for failing to appeal per Crutcher's request. The court granted Crutcher's § 2255 motion and issued a new judgment so that Crutcher could appeal his conviction. The government now appeals.

Our prior cases explain that "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989) (citations

omitted). This doesn't mean that counsel must always file an appeal. Counsel may properly decline to file an appeal if the client doesn't request one after consultation. Cf. Roe v. Flores-Ortega, 120 S. Ct. 1029, 1035 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain . . . that his counsel performed deficiently.") (emphasis in original). Whether a defendant asked his lawyer to file a notice of appeal presents a question of fact, and we have previously held that

> if the motion, files, and records of the case were inconclusive regarding whether [defendant] instructed his counsel to file an appeal, we would be compelled to "remand this claim to the District Court for a hearing on the issue of whether [defendant] requested his counsel to file an appeal."

Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (quoting Estes, 883 F.2d at 649).

Crutcher's filings offer no sworn factual support for his bare assertion that he requested an appeal. The sole basis for assuming that Crutcher wanted an appeal is his conclusory statement on the preprinted § 2255 motion form. Although Crutcher filed an affidavit to accompany his § 2255 motion, that affidavit omits mention of the circumstances surrounding his desire for an appeal. The critical question, then, is whether Crutcher specifically asked his lawyer to file a notice of appeal. If Crutcher *did* ask for an appeal, his lawyer violated his Sixth Amendment rights by failing to complete the "ministerial task" of filing a notice of appeal. See Flores-Ortega, 120 S. Ct. at 1035.

We hold that the district court erred in granting Crutcher relief in the absence of evidence that he requested his lawyer to file a notice of appeal. Assuming that Crutcher's conclusory allegations sufficed to raise an ineffective assistance of counsel

claim,[2] the district court should have held an evidentiary hearing to get the facts straight.  We therefore reverse the judgment of the district court and remand to permit the court to hold an evidentiary hearing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The government posits that Crutcher's statements in his form § 2255 motion are insufficient to raise a claim.  We disagree.  Reviewing Crutcher's pro se motion liberally, it is safe to presume that his statements at least flagged an ineffective assistance of counsel claim.  See Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994).