# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2386

_____

James D. Doutt,               *
                              *
        Appellant,            *
                              *
    v.                        *    Appeal from the United States
                              *    District Court for the Western
United States of America,     *    District of Missouri.
                              *
        Appellee.             *          [UNPUBLISHED]

_____

Submitted:   September 12, 2003

Filed:   October 10, 2003

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM

    James Doutt seeks a certificate of appealability following the final order of the district court denying his 28 U.S.C. § 2255 motion.

    After Mr. Doutt pleaded guilty to one count of conspiracy to manufacture 100 grams or more of methamphetamine in violation of 18 U.S.C. § 846, the district court sentenced him to 168 months imprisonment and five years of supervised release. He did not appeal. Mr. Doutt then filed this section 2255 motion claiming inter alia, that counsel was ineffective for failing to file a notice of appeal. The

district court denied the motion in its entirety without conducting an evidentiary hearing, and this appeal followed.

"[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). Because the record is inconclusive as to whether Mr. Doutt instructed his trial counsel to file a notice of appeal, the district court should have held an evidentiary hearing on this issue. See id.; see also Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (noting that remand for hearing is necessary if motion, files, and records of case are inconclusive on whether defendant instructed counsel to file criminal appeal).

Accordingly, we grant Mr. Doutt's request for a certificate of appealability on the sole issue of whether counsel was ineffective for failing to file a notice of appeal and remand to the district court to conduct an evidentiary hearing on this issue. With regard to Mr. Doutt's remaining claims, we deny his request for a certificate of appealability.

_____