**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark MOSLEY, Defendant–Appellant.**

**No. 91–2198.**

United States Court of Appeals, Seventh Circuit.

Submitted May 26, 1992.

Decided June 9, 1992.

Barry R. Elden, Asst. U.S. Atty., Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Nathan Diamond–Falk, Chicago, Ill., for defendant-appellant.

Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Mark Mosley, serving 97 months' imprisonment for distributing cocaine, presents a single argument: that the prosecution did not establish a chain of custody, so three samples of cocaine should not have been admitted into evidence. This perfectly ordinary argument is out of place, for Mosley is not appealing from the judgment of conviction in September 1989. He missed the deadline by ten months, and in 1990 we dismissed his appeal as untimely. Instead he is appealing from the "grant" in April 1991 of a motion under 28 U.S.C. § 2255, which did him no good, as the district court resentenced him in May to the same 97 months. Apparently everyone thought this a clever way to afford Mosley an appeal. Not so fast. The requirements of appellate jurisdiction may not be waived by the consent of the parties.

As a § 2255 action seeking relief on account of the improper admission of evidence this is a loser, covered by the saw that a collateral attack cannot do service for an appeal. *Sunal v. Large*, 332 U.S. 174, 181–82, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982 (1947). *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), drove home this point when holding that blunders that would be "plain error" on direct appeal do not authorize collateral relief. To obtain post-judgment relief, Mosley must establish not mistaken admission of evidence, or even a shrieking error in the law of evidence, but that the trial and conviction violate the Constitution. *Estelle v. McGuire*, —— U.S. ——, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991). Yet he does not try to do so. His brief reads as if he were proceeding on direct appeal.

Whether we, too, should indulge the "as if" approach depends on why Mosley's initial appeal was untimely. One possibility is that Mosley did not want to appeal (or was indifferent to the possibility), changing his mind too late to satisfy the 10–day deadline in Fed.R.App.P. 4(b), even allowing for the 30–day extension available to cope with "excusable neglect". Another is that Mosley did not know he had a right to appeal. Still a third is that he wanted to appeal, but his lawyer did not file the necessary papers.

If Mosley changed his mind too late, he is out of luck. Rules 4(b) and 26(b) cap at 30 days the extension of time to appeal. Reentering a judgment is no more useful in authorizing an appeal than would be an explicit two-year extension of time. But if court or counsel is to blame, there is a genuine constitutional problem—whether under the due process clause of the fifth amendment or the sixth amendment's implicit guarantee of effective assistance of counsel. The remedy for such a violation is a new appeal, as if from the original judgment. *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989); *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989).

What, then, are the facts? Oddly, the record does not reveal them. Mosley has filed an affidavit stating that his attorney told him on the date of sentencing "that she would be filing a notice of appeal of my conviction and sentence" but did not follow through. Leaving one's client in the lurch is ineffective assistance and ground for stern professional discipline. See Circuit Rule 4. Mosley also contends that the court failed to inform him, as Fed. R.Crim.P. 32(a)(2) requires, of his right to proceed on appeal *in forma pauperis*. The prosecutor filed a memorandum stating that "[a] review of [the sentencing] transcript discloses that the defendant was

not advised of his right to appeal. The government respectfully suggests that a quick and simple remedy to cure this infirmity is to merely have the defendant resentenced and advised of his right to appeal." The district court obliged, vacating the judgment without further inquiry.

What looked "quick and simple" to the prosecutor and the district judge is irregular and unauthorized. It makes a shambles of the time limits in the rules. Violations of the rules of criminal procedure do not authorize automatic redress on collateral attack; there is the little matter of prejudice. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). A district court's failure to tell the defendant about his right to appeal does not authorize relief of any kind if the defendant knew he could appeal. Mosley's own affidavit says that he did know this, and that his lawyer promised to file the notice. Not being told in court what your lawyer told you beforehand, or what you knew already, is no constitutional injury. *Marshall v. Lonberger*, 459 U.S. 422, 436–37, 103 S.Ct. 843, 852, 74 L.Ed.2d 646 (1983); *Stewart v. Peters*, 958 F.2d 1379, 1386 (7th Cir.1992).

Relief depended, then, on proof that Mosley's lawyer dropped the ball. Instead of taking a "quick and simple" path, the district court must take the longer but proper path of figuring out what happened. Did Mosley's lawyer render ineffective assistance? Is Mosley's memory playing tricks on him? Is he making it all up in a desperate effort to have the appeal he willingly bypassed in 1989? In the end it may not matter much. A demand that the prosecutor prove a chain of custody through the FBI's lab may be important when the chemist testifies and a paper trail is the only way to link the evidence under examination to the defendant, but here the arresting agent supplied the foundation by testifying that he seized the particular bags of powder, which bore his initials. The defense stipulated that the bags contained cocaine, and there was no suggestion of tampering or substitution. But we cannot resolve the merits. Unless there was ineffective assistance of counsel, the

district court's order is nothing but an attempt to extend, by 20 months, the time to file a notice of appeal. As no findings establish the foundation for that extension, we dismiss the appeal for want of jurisdiction.