**UNITED STATES of America, Plaintiff,**

v.

**Kareem NAGIB, Defendant.**

Nos. 92–C–1170 (JPS), 89–CR–160.

United States District Court,
E.D. Wisconsin.

July 28, 1993.

Matthew L. Jacobs, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Robert L. Graham, Stephen L. Wood, Jenner & Block, Chicago, IL, for defendant.

**ORDER**

STADTMUELLER, District Judge.

**I. Background**

Defendant Kareem Nagib was convicted of one count of conspiracy to possess with intent to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, and one count of conspiracy to possess with intent to distribute Psilocybin in violation of the same statutes after a jury trial in March of 1990. On September 28, 1990, Mr. Nagib was sentenced to imprisonment for a term of 235 months. Judgment of conviction was entered against Mr. Nagib on October 1, 1990.

Mr. Nagib's court-appointed counsel did not file a notice of appeal within ten (10) days after the date of entry of the judgment of conviction. Instead, his counsel filed a motion to reconsider the sentence. This motion did not toll the time for filing a notice of appeal. On October 29, 1990, counsel moved this court for an extension of time to file a notice of appeal. On November 7, 1990, this court granted his motion and allowed him ten (10) days from the date of that order to file a notice of appeal. On November 15, 1990, Mr. Nagib filed his notice of appeal. Mr. Nagib filed his brief with the Court of Appeals for the Seventh Circuit setting forth a total of five issues for appellate review.

---

In an opinion issued June 25, 1991, the Court of Appeals found the notice of appeal to be untimely and dismissed Mr. Nagib's appeal for lack of jurisdiction, while declining to reach the merits of the case. *United States v. DuMont*, 936 F.2d 292, 295 (7th Cir.1991). Mr. Nagib, through new counsel, filed a motion for rehearing, rebriefing and reargument before the Court of Appeals. That motion was denied on July 16, 1991.

On November 2, 1991, Mr. Nagib filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Mr. Nagib asserts that his appointed trial counsel was ineffective in failing to file a timely notice of appeal thereby depriving him of his fundamental right to appeal his criminal conviction. Movant asks this court to grant his motion, vacate his sentence and resentence him allowing him to file a timely notice of appeal and pursue his right to appeal from his criminal conviction.

## II. Analysis

The Supreme Court has recognized that due process requires that appellants have effective assistance of counsel on appeals as of right, *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and that an appeal from a criminal conviction is a matter of right. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-step analysis for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064.

Notably, the Court found that some types of deficient performances are *per se* prejudicial:

> In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.... Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost. Moreover, such circumstances involve impairments of the Sixth Amendment right that are easy to identify....

*Id.* at 692, 104 S.Ct. at 2067 (citations omitted).

Mr. Nagib contends that ineffective assistance of appellate counsel that results in the complete loss of appellate rights constitutes a "denial of the assistance of counsel altogether" and entitles him to a presumption of prejudice under the *Strickland* analysis. Moreover, he asserts that he is entitled to a new appeal without the requirement of demonstrating how his attorney's performance was prejudicial.

In support of his position, Nagib submits that he is entitled to reentry of judgment and a new appeal based on the reasoning of the Court's decision in *Rodriquez v. United States*, 395 U.S. 327, 328, 89 S.Ct. 1715, 1716, 23 L.Ed.2d 340 (1969). In *Rodriquez*, petitioner was prevented from appealing his conviction by his counsel's failure to file a notice of appeal within the 10–day period. The trial court held that it lacked jurisdiction because of the missed filing deadline, and the Ninth Circuit Court of Appeals affirmed. *Id.* Petitioner then brought a suit for post conviction relief under 28 U.S.C. § 2255, alleging that he had been improperly denied his right to appeal, and asking that his conviction be set aside and he be resentenced so that he could appeal. *Id.* The district court denied the § 2255 application because of petitioner's failure to follow a Ninth Circuit rule that required applicants, such as petitioner, to disclose what errors they would raise on appeal and to demonstrate that denial of the appeal had caused prejudice. *Id.* at 329, 89 S.Ct. at 1716–17. The Ninth Circuit affirmed, holding that petitioner was unable to demonstrate any likelihood of success on appeal. *Id.*

The Supreme Court reversed, holding that a direct appeal was a matter of right and that petitioner should not be required to enumerate the issues he might raise on appeal. *Id.* at 330, 89 S.Ct. at 1717. Finally, the Court reversed and remanded for resentencing "so that [petitioner] may perfect an appeal in the manner prescribed by the applicable rules." *Id.* at 332, 89 S.Ct. at 1718.

Although not directly on point, the case of *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), demonstrates the viability of *Rodriquez.* In *Lozada,* the petitioner was convicted in state court of four crimes arising out of the possession and sale of a controlled substance, however, he filed no direct appeal. After exhausting his state remedies, Lozada filed a habeas corpus action in federal court pursuant to 28 U.S.C. § 2254 alleging his counsel's ineffective assistance deprived him of the opportunity to appeal his state court convictions. *Id.* at 430, 111 S.Ct. at 861. The court found that petitioner had failed to indicate what issues would have been raised and demonstrate that the appeal might have succeeded. *Id.* at 431, 111 S.Ct. at 861. As a result, the district court concluded that petitioner had not shown prejudice under *Strickland* and dismissed his petition. *Id.* The court later denied Lozada a certificate of probable cause to appeal the denial of habeas corpus relief, and the United States Court of Appeals for the Ninth Circuit also denied a certificate of probable cause. *Id.* The Supreme Court concluded that the court of appeals erred and reversed the refusal to grant a certificate of probable cause. *Id.* at 432, 111 S.Ct. at 862. Furthermore, the Court remanded the case, instructing the courts below on the issue of prejudice:

> We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the District Court. Since *Strickland,* at least two Courts of Appeals have presumed prejudice in this situation. *See Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990); *Estes v. United States,* 883 F.2d 645, 649 (8th Cir. 1989); *see also Rodriquez v. United States,* 395 U.S. 327, 330 [89 S.Ct. 1715, 1717, 23 L.Ed.2d 340] (1969).

*Id.* On remand, the Ninth Circuit held that *Rodriquez* governed the case and that prejudice would be presumed. *Lozada v. Deeds,* 964 F.2d 956, 958 (9th Cir.1992) ("We hold that prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent").

Mr. Nagib contends that *Strickland* recognizes that, in circumstances like those presented in *Rodriquez* or in the present case, the courts should presume that counsel's ineffective assistance is prejudicial without requiring petitioner to demonstrate such prejudice. Therefore, he argues, the Supreme Court's decision in *Rodriquez* requires this court to reenter judgment, so that he may file a notice of appeal and pursue his direct criminal appeal in the Seventh Circuit.

We next examine pertinent opinions of the courts of appeals. Although the Seventh Circuit has not specifically addressed the presumption of prejudice issue raised in this case, three circuits have. In *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992), defendant filed a timely notice of appeal of his judgment of conviction and sentence, but his attorney failed to meet extended deadlines for filing his appellate brief. Therefore, the court of appeals dismissed defendant's appeal for want of prosecution. *Id.* at 18. Defendant filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of his appellate counsel. *Id.* The district court denied his motion, finding that movant failed to show the prerequisite existence of a meritorious appellate issue. *Id.* at 19. The First Circuit stated that there was "no doubt that appellant here was deprived of his constitutional right to appeal because of the dereliction of counsel." *Id.* at 23. Furthermore, defendant was entitled to an opportunity to appeal "and must be treated like any other appellant appealing for the first time." *Id., citing Rodriquez v. United States,* 395 U.S. at 330, 89 S.Ct. at 1717. The court vacated the dismissal of the § 2255 petition and remanded to the district court "for resentencing so that petitioner can take a direct appeal to [the First Circuit]." *Id.*

The Eighth Circuit has held that "deficient attorney performance in perfecting an appeal is prejudicial under the *Strickland* ... standard for determining ineffective assistance of counsel." *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). In *Estes v. United States,* 883 F.2d 645 (8th Cir.1989), the court, following *Williams,* vacated the dismissal of a § 2255 petition on no-prejudice grounds and remanded for a hearing on the issue of whether petitioner had requested his counsel to file an appeal. It ordered: "Should the District Court determine that appellant is entitled to relief, the prior judgment of conviction and sentence should be vacated and a new judgment entered which would enable Estes to appeal therefrom after such entry." *Id.* at 649.

In *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991), the court held that a defendant is denied ineffective assistance of counsel if he asks his lawyer to appeal and the lawyer fails to do so. "The proper remedy is a resentencing to enable defendant to perfect an appeal." In *Abels v. Kaiser,* 913 F.2d 821 (10th Cir.1990), the court, in ruling on a 28 U.S.C. § 2254 petition, held that the counsel's failure to appeal nullified the prejudice test of *Strickland.* *Id.* at 823. The court also stated:

> petitioner alleges correctly that when courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.

*Id.* The court then cited to and quoted from the Supreme Court's holding in *Rodriquez.* *Id.*

The Seventh Circuit has not specifically addressed the presumption of prejudice issue raised in the context of counsel's failure to file a timely appeal. However, in a closely related § 2254 case, the court has held that the prejudice prong of *Strickland* is inapplicable. In *United States ex rel. Thomas v. O'Leary,* 856 F.2d 1011 (7th Cir.1988), trial counsel failed to file an opposition brief during an appeal. The *Thomas* court concluded that counsel's failure to file an opposition brief was ineffective assistance of counsel

and this was presumptively prejudicial. The court specifically held *Strickland*'s prejudice component not applicable. *Id.* at 1016.

The government attempts to distinguish the Seventh Circuit's decision in *Thomas* and the several courts of appeals' decisions finding the prejudice test of *Strickland* inapplicable and presuming prejudice in cases where counsel failed to file a timely notice of appeal. It argues that this line of cases deals with situations where counsel's failure to file a timely notice of appeal, including a complete failure to file a notice of appeal, resulted in no appeal being pursued at all. Whereas, in this case, the government contends, Mr. Nagib did pursue his appeal by presenting issues for appellate consideration; the effect of original counsel's failure to file a timely notice of appeal not being made clear until oral argument before a panel of the Seventh Circuit Court of Appeals.

Furthermore, the government does not attempt to distinguish nor address the applicability of the Supreme Court's holding in *Rodriquez* case, nor its apparent viability in *Lozada.* Instead, the government argues that the prejudice prong of *Strickland* is applicable to the facts of this case and Mr. Nagib has not demonstrated such prejudice. In support of its position, the government cites a recent Seventh Circuit case, *Page v. United States,* 884 F.2d 300 (7th Cir.1989).

In *Page,* the defendant, after pleading guilty, was sentenced by the district court and his appeal from that sentence was affirmed by the Seventh Circuit. *Id.* at 301. Defendant Page filed a motion under § 2255 arguing that trial counsel rendered ineffective assistance in letting him plead guilty. *Id.* Page did not raise this point on his original appeal and, because he had new counsel for that appeal, he would forfeit the point unless he could establish "cause" for and "prejudice" from the neglect. *Id., citing United States v. Kovic,* 830 F.2d 680, 684 (7th Cir.1987); *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Ineffective assistance of counsel is "cause," *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

On the issue of prejudice, the government focuses on the following language:

Ineffective assistance may justify vacating and reentering the judgment of conviction, allowing a fresh appeal. It may also justify a new trial on occasion. Counsel is ineffective only if performance below the norms of the profession causes prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 [104 S.Ct. 2052, 2064, 80 L.Ed.2d 674] (1984). Prejudice means a "reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different." *Id.* at 694 [104 S.Ct. at 2068]. Showing a "reasonable probability" but not certainty supports a new judgment and a new appeal (so that [the Court of Appeals] may decide whether the outcome *actually* would have been different).

*Id.* at 302. The court examined appellate counsel's conduct and held that defendant was not denied effective assistance of appellate counsel due to that counsel's failure to challenge effectiveness of trial counsel in allowing defendant to plead guilty. *Id.* at 303.

Another case cited by the government, although not directly on point, is *United States v. Mosley,* 967 F.2d 242 (7th Cir.1992). In *Mosley,* the court dismissed an appeal by a defendant who had successfully moved the district court, under § 2255 for vacation of sentence. *Id.* at 243. Mosley was convicted in September 1989, but did not appeal until some ten months later; the court of appeals dismissed his appeal as untimely. He moved the district court for relief under § 2255, his motion was granted and he was resentenced. Thereafter, he filed a direct appeal with the Seventh Circuit Court of Appeals. *Id.* In dismissing his appeal for want of jurisdiction, the court noted that "[r]eentering a judgment is no more useful in authorizing an appeal than would be an explicit two-year extension of time. But if court or counsel is to blame, there is a genuine constitutional problem—whether under the due process clause of the fifth amendment or the sixth amendment's implicit guarantee of effective assistance of counsel. The remedy for such a violation is a new appeal, as if from the original judgment." *Id.* at 243, *citing Page*

*v. United States,* 884 F.2d 300, 302 (7th Cir.1989); *Estes v. United States,* 883 F.2d 645, 649 (8th Cir.1989).

█ Based upon the court's analysis of the record and the court's determination of the state of the law on this issue, the court finds that the prejudice test of *Strickland* is not applicable to the facts of this case. The court is unpersuaded by the government's reliance on *Page* for the suggestion that the court apply the prejudice prong of the *Strickland* test. *Page* is distinguishable on its facts. The *Page* court was not faced with the factual situation at hand—an attorney who failed to file a timely notice of appeal—but rather with the question of whether appellate counsel should have raised the issue of ineffective assistance of trial counsel in defendant's original appeal. Unlike *Page,* Nagib did not have separate counsel—one for trial and one for appeal. Instead, Nagib's counsel represented him at both proceedings. In *Page,* defendant argued that his appellate counsel left out an issue he deemed meritorious—that trial counsel was ineffective in allowing him to plead guilty—in his direct appeal. Page did not argue that his appellate counsel failed to advocate his cause skillfully. The court found that Page fell short of showing that appellate counsel's assistance was constitutionally deficient. That is, Page failed to demonstrate that his trial counsel was so obviously inadequate that appellate counsel had to present that question to render constitutionally adequate assistance.

█ In this case, it is clear to the court that Mr. Nagib's original counsel failed to render constitutionally effective assistance in pursuing his direct appeal. The court finds persuasive the logic of those courts which have suggested (and some adopted), by focusing on the constitutional significance of the right to effective assistance of counsel, and by not discussing the prejudice issue, the rule that an attorney's failure to perfect an appeal constitutes a *per se* violation of the right to effective counsel. *See Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067 (the Court expressly recognized that in certain Sixth Amendment contexts, prejudice is presumed; actual or constructive denial of assistance of counsel altogether is legally presumed to re-

sult in prejudice. That language, although *dictum*, arguably supports a *per se* rule that failure to perfect an appeal constitutes ineffective assistance of counsel.); *see also Lozada*, 498 U.S. at 432, 111 S.Ct. at 861 (recognizing Courts of Appeals have presumed prejudice caused by alleged ineffectiveness of counsel in failing to file timely appeal); *Bonneau*, 961 F.2d at 23; *Estes*, 883 F.2d at 649; *Abels*, 913 F.2d at 823.

■ Moreover, the court finds persuasive the Supreme Court's reasoning in *Rodriquez*, cited and applied in the Court's decision in *Lozada*, and applied by several of the courts of appeals, that having found petitioner was deprived of his constitutional right to effective counsel on appeal, he is entitled to relief under § 2255 and vacation of his sentence so that he may be resentenced and can thereafter take a direct appeal.

Finally, although the Seventh Circuit has not addressed the presumption of prejudice issue raised here, the court believes its decision is in accordance with the court of appeals's decisions in *Thomas*, 856 F.2d at 1016 (court held *Strickland* prejudice component inapplicable in § 2254 case); in *Page*, 884 F.2d at 302 ("Ineffective assistance [of counsel] may justify vacating and reentering the judgment of conviction"); and in *Mosley*, 967 F.2d at 243 (court recognized that in circumstances where counsel's assistance was ineffective, the remedy for such a violation is a new appeal, as if from the original judgment).

### III.  Conclusion

For all of the foregoing reasons, the court will grant Mr. Nagib's § 2255 motion to vacate and set aside his sentence. Mr. Nagib's judgment of conviction and sentence shall be vacated and a new judgment and sentence shall be entered from which he can appeal. Accordingly,

**IT IS ORDERED** that Mr. Nagib's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that this matter be scheduled for resentencing on Friday, December 10, 1993 at 8:30 A.M.