14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Juan C. OVALLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3842.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 28, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Juan C. Ovalle pled guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2. He was sentenced to seven years' imprisonment followed by four years of supervised release. Ovalle did not directly appeal his sentence but waited two years to file a motion to correct, vacate, or set it aside pursuant to 28 U.S.C. Sec. 2255. He claims that his attorney failed to file an appeal despite Ovalle's request that he do so. Without stating reasons, the district court found that Ovalle had failed to establish cause for and prejudice from his procedural default and summarily dismissed the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. We affirm.
 
 
 2
 A federal prisoner ordinarily may not raise a claim on collateral review if it could have been but was not raised on direct review, unless the prisoner shows cause for and prejudice from his procedural default. Barker v. United States, Nos. 91-1746, 91-1956, slip. op. at 5 (7th Cir. Oct. 15, 1993); Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Although counsel's failure to appeal might establish cause in this case, United States v. Mosley, 967 F.2d 242, 243 (7th Cir.1992); Clay v. Director, Juvenile Division, Dept. of Corrections, 749 F.2d 427, 431 (7th Cir.1984), cert. denied, 471 U.S. 1108 (1985), Ovalle has failed to establish that an appeal would have had merit. Thus, he has not shown prejudice from his procedural default.
 
 
 3
 The district court found that Ovalle conspired to distribute 4.9 kilograms of cocaine, pursuant to Sentencing Guideline Sec. 1B1.3, which requires the court to consider relevant conduct in sentencing a defendant.[1] We have clearly held that due process is satisfied when relevant conduct, considered for the purpose of sentencing, is proven by a preponderance of the evidence. United States v. Trujillo, 959 F.2d 1377, 1380-82 (7th Cir.), cert. denied, 113 S.Ct. 277 (1992); United States v. Ebbole, 917 F.2d 1495 (7th Cir.1990). Ovalle's claim that the government failed to prove by a preponderance of the evidence that he was liable for 4.9 kilograms of cocaine is without merit. Although the informant's testimony was uncorroborated, we find that the evidence was sufficient to support the district court's finding that the government satisfied its burden.[2] Because Ovalle has failed to show that an appeal, on the grounds that his sentence was not supported by the evidence, would have had merit, he has not established prejudice from his attorney's failure to file an appeal.
 
 
 4
 Ovalle also has not established that the failure to appeal the reliability of the evidence considered at sentencing caused him prejudice. A defendant has a due process right to be sentenced on the basis of reliable and accurate information. United States v. Tucker, 404 U.S. 443, 447 (1972); United States v. Musa, 946 F.2d 1297, 1306 (7th Cir.1991). In order to succeed on a challenge to a sentence based on unreliable information, a defendant must prove that the information was inaccurate and that the court relied on it. United States v. Johnson, 997 F.2d 248, 254 (7th Cir.1993); Musa, 946 F.2d at 1306. We give great deference to the district court's credibility determination. United States v. Campbell, 985 F.2d 341, 348 (7th Cir.1993).
 
 
 5
 In finding that Ovalle was liable for 4.9 kilograms of cocaine, the district court stated that it found the informant's testimony "reasonably accurate" and "substantially believable." Tr. 44. We find no reason to disagree. Although Ovalle points out that the informant was buying and selling drugs without the government's knowledge, that information was considered by the court in weighing his credibility. Ovalle argues that the court's factual finding is inconsistent with the evidence because the informant only testified to whole units of cocaine, not tenths thereof. However, the court was not required to accept or reject all of the witness's testimony, but was free to rely on portions of it. See United States v. Colston, 936 F.2d 312, 315 (7th Cir.), cert. denied, 112 S.Ct. 403 (1991).[3] Because the district court properly concluded that the informant's testimony was reliable, Ovalle has failed to establish prejudice from his attorney's failure to appeal.
 
 
 6
 Ovalle also claims that the district court failed to comply with Federal Rule of Criminal Procedure 32. First, he claims that the district court failed to make findings of fact at sentencing. However, the district court made a specific finding that Ovalle sold or attempted to sell at least 2.9 kilograms of cocaine in addition to the 2 kilograms with which he was arrested. Ovalle also claims that he did not have an opportunity to review the Pre-sentence Investigation (P.S.I.) with his attorney prior to sentencing. However, counsel's statements at the sentencing hearing indicate that he and Ovalle did discuss the P.S.I.. At the hearing, the district court addressed Ovalle's pro se objections to the P.S.I., in which he stated his desire to withdraw the plea. His attorney explained that Ovalle mistakenly believed that the P.S.I. was an order of the court. With regard to Ovalle's request to withdraw his plea, counsel stated, "[b]ut in discussing it it's my understanding that that is not what he is requesting." Tr. 6. Because Ovalle's claims under Rule 32 are without merit, he has failed to establish prejudice from his attorney's failure to raise them in an appeal.
 
 
 7
 We now turn to Ovalle's claim that he was denied his Sixth Amendment right to the effective assistance of counsel. A claim of ineffective assistance of counsel is properly brought under Sec. 2255, without a showing of cause and prejudice, where counsel on appeal is the same as trial counsel. Barker, slip op. at 5; United States v. Williams, 934 F.2d 847, 851 (7th Cir.1991). To successfully establish an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Where the ineffective assistance claim involves a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Barker, slip op. at 7.
 
 
 8
 None of Ovalle's ineffective assistance claims provide a basis for relief. He contends that counsel filed a notice of intent to plead guilty without his consent, filed untimely motions, and allowed the government to debrief and take advantage of him. Because Ovalle does not assert that counsel's errors caused him to forego his right to trial, he has failed to allege prejudice from these alleged errors.[4]
 
 
 9
 Ovalle also alleges that counsel: 1) failed to adequately impeach the informant's testimony at sentencing; 2) insufficiently prepared for the sentencing hearing; 3) inadvertently acknowledged Ovalle's responsibility for an additional 1/2 kilogram of cocaine; and 4) avoided communication with him. Decisions pertaining to the cross-examination of a witness are tactical and will not be second-guessed by the court. United States v. Driver, 798 F.2d 248, 254 & n. 5 (7th Cir.1986). Furthermore, Ovalle does not offer any evidence that his attorney could have used to impeach the government's witness, nor does he explain what his attorney could have done to better prepare for the sentencing hearing. Finally, Ovalle has failed to demonstrate how his attorney's admission and failure to correspond with Ovalle affected his sentence.
 
 
 10
 We are precluded from considering Ovalle's claim that the order to forfeit property was erroneous, as he failed to raise it before the district court. Barker, slip. op. at 5 n. 2.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In determining the amount of drugs for which a conspirator is liable, the district court must consider all relevant conduct that was part of the offense. United States v. Goines, 988 F.2d 750, 775 (7th Cir.), cert. denied, 114 S.Ct. 241 (1993). A conspirator can be held liable for the amount of drugs negotiated as well as the amount actually exchanged. United States v. Buggs, 904 F.2d 1070, 1078 (7th Cir.1990). Furthermore, the amount of drugs for which a conspirator may be held liable is not restricted to the amount charged in the indictment. United States v. Villareal, 977 F.2d 1077, 1080-81 (7th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993)
 
 
 [2]
 As part of his sufficiency of the evidence claim, Ovalle argues that the conclusion that the conduct of other conspirators was foreseeable to him was not supported by the evidence. However, our review of the sentencing hearing reveals that the evidence presented related to transactions or negotiations that directly involved Ovalle. Therefore, the district court did not rely on the conduct of his co-conspirators in finding that Ovalle was liable for 4.9 kilograms of cocaine
 
 
 [3]
 Ovalle also objects to the informant's testimony as hearsay. Hearsay may be considered at sentencing if it is reliable and the defendant has a reasonable opportunity to rebut it. Johnson, 997 F.2d at 253 n. 4. Ovalle's characterization of all the informant's testimony as hearsay is mistaken. Furthermore, he offers nothing to prove the inaccuracy of any hearsay upon which the court may have relied
 
 
 [4]
 In analyzing ineffective assistance of counsel claims, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697