19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan R. RODRIGUEZ, Defendant-Appellant.
 Nos. 92-3782, 92-3783.[1]
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 26, 1993.
Decided March 25, 1994.
 
 Before ESCHBACH, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Juan R. Rodriguez pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846, and was sentenced to 70 months imprisonment followed by four years of supervised release. Mr. Rodriguez now challenges his sentence. We affirm.
 
 
 2
 On October 30, 1990, after arranging a transaction in which two kilograms of cocaine were sold to a government agent, Mr. Rodriguez and two other persons, Pedro M. Sotelo and Gabriel Alvarez Romero, were placed under arrest. On November 27, 1990, a federal grand jury returned a two-count indictment against Mr. Rodriguez, Mr. Sotelo, and Mr. Romero, charging them with conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (Count One), and with distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Count Two). Pursuant to a written plea agreement, Mr. Rodriguez pleaded guilty to Count One of the indictment, and agreed to cooperate with the government in any future prosecution and to provide testimony if called upon to testify. The district court accepted Mr. Rodriguez's guilty plea on January 17, 1991.
 
 
 3
 Mr. Sotelo and Mr. Romero went to trial on January 23, 1991. Immediately prior to trial, Mr. Rodriguez appeared through his attorney, Mr. Hedrick, and stated that he wished to withdraw his guilty plea because he had been denied release on bond. Mr. Rodriguez also expressed dissatisfaction with Mr. Hedrick and requested that a different attorney be appointed to represent him. Contrary to the terms of his plea agreement, Mr. Rodriguez was no longer willing to provide testimony against his codefendants. In light of Mr. Rodriguez's breach of the agreement, the government no longer considered itself bound by its terms.
 
 
 4
 The district court permitted Mr. Hedrick to withdraw from the case, and appointed Mr. Wesolowski to represent Mr. Rodriguez. At sentencing, Mr. Rodriguez appeared with Mr. Wesolowski, and with another attorney, Michael Goode, who had been retained by Mr. Rodriguez's family. The district court denied Mr. Goode's motion to be substituted as Mr. Rodriguez's counsel, but allowed Mr. Goode to address the court on Mr. Rodriguez's behalf at Mr. Rodriguez's own request. Mr. Wesolowski also addressed the court concerning the proper sentencing range, and argued that Mr. Rodriguez's base offense level under the Sentencing Guidelines be reduced by two points for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1. The court also heard from Mr. Rodriguez, who refused to accept responsibility for his role in the conspiracy and requested that he be allowed to withdraw his plea. In light of Mr. Rodriguez's statement to the court, the government argued against any reduction in Mr. Rodriguez's base offense level of 26, and requested that he be sentenced within the applicable Sentencing Guideline range of 63 to 78 months. Accepting the government's argument, the district court sentenced Mr. Rodriguez to 70 months imprisonment and four years of supervised release.
 
 
 5
 Mr. Rodriguez failed to file a timely notice of appeal,[2] and instead filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. The district court determined that Mr. Rodriguez had received ineffective assistance of counsel, and accordingly vacated his conviction and sentence. By the same order, the court reinstated the original conviction and sentence, allowing Mr. Rodriguez to file a direct appeal. In United States v. Mosley, 967 F.2d 242 (7th Cir.1992), this court observed that, in the absence of a denial of constitutional rights, a district court's decision to vacate a conviction and sentence pursuant to 28 U.S.C. Sec. 2255, only to reinstate the same sentence for the purpose of allowing a defendant to file a timely direct appeal of his criminal conviction, is an improper extension of the rules of appellate jurisdiction. Id. at 243-44. In this case, however, the district court first established that Mr. Goode had ignored Mr. Rodriguez's repeated efforts to contact him concerning the status of his appeal, and had failed to file a timely notice of appeal despite having been granted an extension of time within which to file. Mr. Goode, moreover, dissuaded Mr. Wesolowski from filing the notice of appeal. Because Mr. Goode essentially abandoned his client, the district court's conclusion that Mr. Rodriguez had received ineffective assistance warranting relief under Sec. 2255 was therefore proper.[3] See id. at 243.
 
 
 6
 Mr. Rodriguez now contends that he was denied effective assistance of counsel at sentencing due to Mr. Goode's interference in the proceeding, and that Mr. Goode's remarks to the district court resulted in the court's denial of a two-point reduction in base offense level under U.S.S.G. Sec. 3E1.1. Because appointed counsel never objected to the district court's decision to allow Mr. Goode to speak on Mr. Rodriguez's behalf, we examine the record only for plain error affecting Mr. Rodriguez's "substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776-78 (1993); Fed.R.Crim.P. 52(b). In general, this standard requires the defendant to show that the error prejudiced him. Id. at 1778.
 
 
 7
 Mr. Rodriguez's assertion that he was denied his Sixth Amendment right to effective assistance of counsel at sentencing is unfounded. The record reveals that Mr. Rodriguez himself explicitly requested that Mr. Goode be permitted to address the court on his behalf, and that the district court gave the attorney of record, Mr. Wesolowski, an unfettered opportunity to argue as well. There is nothing in the record to indicate that Mr. Wesolowski's ability to represent Mr. Rodriguez was in any way curtailed as a result of either Mr. Goode's presence or his remarks to the court.
 
 
 8
 Mr. Rodriguez's claim that he was prejudiced by Mr. Goode's remarks is also unfounded. The sentencing transcript reveals that in determining Mr. Rodriguez's sentence, the district court took into consideration appropriate factors, including Mr. Rodriguez's efforts to withdraw his guilty plea, his refusal to acknowledge that he was indeed responsible for the offense to which he had pleaded guilty, and his failure to show any remorse. See United States v. Kerr, Nos. 92-4008 & 93-1004, slip op. at 3 (7th Cir. Dec. 27, 1993) (failure to demonstrate remorse supports denial of Sec. 3E1.1 reduction); United States v. Wagner, 996 F.2d 906, 915 (7th Cir.1993) (lack of truthfulness concerning one's involvement in criminal activity), cert. denied, 62 U.S.L.W. 3452 (U.S. Jan. 11, 1994) (No. 93-6723); United States v. Price, 988 F.2d 712, 722 (7th Cir.1993) (request to withdraw guilty plea).
 
 
 9
 For the foregoing reasons, Mr. Rodriguez's sentence is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The appeal in case No. 92-3783 had originally been listed as No. 92-3163; the appeal in case No. 92-3163, which pertains to the district court's order denying Mr. Rodriguez's motion for a judicial recommendation against deportation, is pending
 
 
 [2]
 Mr. Rodriguez did, however, file a motion for the appointment of counsel on appeal on June 5, 1991, within the ten-day time limit provided in Fed.R.App.P. 4(b). Because that motion met the notice requirements of Fed.R.App.P. 3, it could have been treated as a timely notice of appeal, allowing us to take jurisdiction. See Smith v. Barry, 112 S.Ct. 678, 681-82 (1992) (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988))
 
 
 [3]
 In its interim order of Sept. 22, 1992, the district court also ruled on two other issues raised by Mr. Rodriguez in his Sec. 2255 motion, including a request to withdraw his guilty plea and a request that his sentence be reduced pursuant to U.S.S.G. Sec. 3B1.2(a). Both of these requests were denied. Pursuant to counsel's motion and affidavit dated May 6, 1993, Mr. Rodriguez's appeal of the Sec. 2255 motion was consolidated with his direct criminal appeal. On appeal, counsel does not address the other issues raised in the Sec. 2255 motion