35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark MOSLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1393.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 31, 1994.*
Decided Sept. 13, 1994.
 
 Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Mark Mosley has filed three petitions for relief under 28 U.S.C. Sec. 2255, each asserting that the lawyer who represented him at trial was constitutionally deficient because she promised to take an appeal but did not.
 
 
 2
 Without deciding whether counsel had failed to obey Mosley's instruction to appeal, the district court vacated and reentered its judgment. We dismissed Mosley's appeal, ruling that the district court's order amounted to an unauthorized extension of time to appeal from the original sentence. 967 F.2d 242 (1992). We concluded that the district court should determine whether Mosley's factual allegations are correct and proceed appropriately in light of the facts. See also Castellanos v. United States, 26 F.3d 717 (7th Cir.1994).
 
 
 3
 Mosley filed a second Sec. 2255 petition, which the district court denied on the merits, ruling that he had not supplied an adequate factual foundation for a conclusion that his lawyer neglected to carry out his instruction to appeal. Mosley did not file an appeal from this decision. Instead, approximately a year later, he filed this third Sec. 2255 petition, making the same arguments as the first and second. Unsurprisingly, the district court dismissed this one as an abuse of the writ. McCleskey v. Zant, 499 U.S. 467 (1991); Gomez v. United States District Court, 112 S.Ct. 1652 (1992).
 
 
 4
 At page 2 of his brief Mosley concedes that his "third Sec. 2255 Motion was nothing more than a follow-up to his second Sec. 2255 Motion." He appears to believe that if he adduces insufficient evidence in one proceeding, he may ignore the adverse outcome and try again. He is wrong. McCleskey holds that one collateral attack is sufficient in the absence of cause and prejudice. Mosley has not established either factor, so the judgment is
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel assigned to this appeal heard oral argument on an earlier, similar appeal (discussed in the text) and has concluded that further oral argument is unnecessary