47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andres ALVAREZ, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-3853.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 13, 1995.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 89 CR 173; Terence T. Evans, Chief Judge.
 E.D.Wis.
 VACATED.
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Andres Alvarez appeals the district court's denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. Sec. 2255. Because Alvarez was denied a direct appeal of his sentence, we vacate and remand for resentencing.
 
 I. Background
 
 2
 In March 1990, Andres Alvarez pleaded guilty to conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. Sec. 846. A Presentence Investigation Report (PSR) was prepared and, at the sentencing hearing, Alvarez made several objections to its contents. The district court ruled on each objection and made various findings of fact, including the amount of cocaine attributable to Alvarez. The district court sentenced Alvarez to a term of 97 months of incarceration to be followed by four years of supervised release. The district court judge failed to advise Alvarez that he had a right to appeal this sentence. Alvarez did not file a direct criminal appeal.
 
 
 3
 In September 1993, proceeding pro se, Alvarez filed this motion to vacate the sentence pursuant to 28 U.S.C. Sec. 2255. Alvarez sought post-conviction relief for three reasons: first, that the sentencing court had failed to advise Alvarez of his right to appeal the sentence imposed; second, that Alvarez had received ineffective assistance of counsel; and third, that the district court had sentenced Alvarez based on an inaccurate PSR. The district court dismissed the motion, finding that the sentence was based on accurate information. However, the district court did not address the claim of its failure to advise Alvarez of his right to appeal the sentence. Alvarez now appeals.
 
 II. Analysis
 
 4
 28 U.S.C. Sec. 2255 provides for post-conviction relief from federal custody where the "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." Relief under Sec. 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991)). Hence, "a collateral attack cannot do service for an appeal." United States v. Mosley, 967 F.2d 242, 243 (7th Cir.1992) (citing Sunal v. Large, 332 U.S. 174, 181-82 (1947)).
 
 
 5
 Alvarez argues that the district court erred in not advising him of his right to a direct criminal appeal from his sentence, in violation of Fed.R.Crim.P. 32(a)(2).[1] However, Alvarez's post-conviction motion for relief is subject to the requirements of cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982). Hence, "[a] federal prisoner's failure to raise a constitutional issue on direct appeal bars raising it in a subsequent Sec. 2255 motion unless the defendant can show cause for and actual prejudice resulting from the error of which he complained." United States v. Kovic, 830 F.2d 680, 683 (7th Cir.1987) (citing Norris v. United States 687 F.2d 899, 904 (7th Cir.1982)), cert. denied, 484 U.S. 1044 (1988).
 
 
 6
 "Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right." Rodriguez v. United States, 395 U.S. 327, 329-30 (1969) (quoting Coppedge v. United States, 369 U.S. 438, 441 (1962)). If a direct appeal is denied and "if court or counsel is to blame, there is a genuine constitutional problem--whether under the due process clause of the fifth amendment or the sixth amendment's implicit guarantee of effective assistance of counsel." Mosley, 967 F.2d at 243. The Constitution guarantees the assistance of counsel in proceeding with a direct criminal appeal. See Douglas v. California, 372 U.S. 353, 355 (1963).
 
 
 7
 Rodriguez, 395 U.S. at 327, concerned a defendant who had been improperly denied his right to appeal: the district court had neither informed him of his right to appeal, nor his right to proceed in forma pauperis. In Rodriguez, the defendant filed a Sec. 2255 motion. The Supreme Court held that he need not show any likelihood of success on the merits because he had been deprived of a direct appeal and the assistance of counsel. Id. at 330 ("Those whose right to appeal has been frustrated should be treated like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.").
 
 
 8
 "We think it must clearly follow from Rodriguez that if [the defendant] had not filed a notice of appeal, the failure of the district court to give the advice called for by Rule 32(a)(2) would have required relief on a Sec. 2255 motion." Kirk v. United States, 447 F.2d 749, 751 (7th Cir.1971). "Failure of the district court to instruct the defendant as to the possibility of an appeal in forma pauperis may have deprived the defendant of his right to an appeal." Nance v. United States, 422 F.2d 590, 592 (7th Cir.1970). However, "[v]iolations of the rules of criminal procedure do not authorize automatic redress on collateral attack; there is the little matter of prejudice." Mosley, 967 F.2d at 244 (citing United States v. Timmreck, 441 U.S. 780 (1979)). Hence, Alvarez "must show that prejudice resulted from the district court's failure to adhere to Rule 32(a)(2)." McCumber v. United States, 30 F.3d 78, 79-80 (8th Cir.1994) (no prejudice shown because defendant had not objected to the PSR, and, hence, had preserved no issues for appeal). Likewise, "[a] district court's failure to tell the defendant about his right to appeal does not authorize relief of any kind if the defendant knew he could appeal." Mosley, 967 at 244.[2]
 
 
 9
 Our review of the transcript of the sentencing hearing indicates that the district court did not advise Alvarez of his right to appeal. Alvarez states that counsel also failed to inform him of his right to appeal and that "[o]nly after being incarcerated for a substantial period di[d] Alvarez learn that he could have appealed the sentence imposed." (Appellant Br. at xv). The government does not challenge the assertion that Alvarez was unaware of his right to appeal. Indeed the government concedes that "the petitioner should not be required to explain the cause for his failure to pursue direct appeal; the cause may be presumed." (Appellee Br. at 6). Nothing in the record before us indicates Alvarez knew of his right to appeal.[3] Indeed, Alvarez had no prior criminal history from which he could have learned of his right to appeal.
 
 
 10
 Alvarez was arguably prejudiced in that he was denied a direct criminal appeal with the assistance of counsel. The government contends that Alvarez suffered no prejudice because the Sec. 2255 motion substitutes for a direct appeal and, examining the substance of Alvarez'a objections to the PSR, the direct appeal lacks merit.[4] However, a Sec. 2255 motion is not a substitute for a direct appeal. Mosley 967 F.2d at 243. As opposed to a Sec. 2255 motion, relief on direct appeal is not limited to constitutional or jurisdictional errors. Additionally, the government overlooks the constitutional right to assistance of counsel in proceeding with a direct criminal appeal. See Douglas, 372 U.S. at 355.
 
 
 11
 Castellanos v. United States, 26 F.3d 717 (7th Cir.1994) examined "prejudice" in the context of a Sec. 2255 motion claiming ineffective assistance of counsel. In Castellanos, defendant's counsel failed to file a direct criminal appeal, despite defendant's request that he do so. This court held that prejudice, at least with respect to the ineffective assistance of counsel, was established without regard to the probability of success on direct appeal. Castellanos, 26 F.3d at 720. Castellanos provides the following reasoning:
 
 
 12
 One obvious difficulty with [the] application of the 'prejudice' component [requiring a preliminary showing of success on the merits] is that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments. Neither [defendant] has had legal representation when seeking relief under Sec. 2255. No-one has looked at the record with an advocate's eye.
 
 
 13
 Castellanos, 26 F.3d at 718.
 
 
 14
 Likewise, Alvarez is prejudiced by the loss of his right to directly appeal the sentence with the assistance of counsel. "The remedy for such a violation is a new appeal, as if from the original judgment." Mosley, 967 F.2d at 243 (citing Page v. United States, 884 F.2d 300, 302 (7th Cir.1989)); Estes v. United States, 883 F.2d 645, 649 (8th Cir.1989)). "[T]he only remedy for the failure of the district court to advise a defendant of his right to appeal is for the case to be remanded to the district court for resentencing at which time the court should inform him of his appeal rights as required by Fed.R.Crim.P. 32(a)(2)." Nance, 422 F.2d at 592.
 
 
 15
 Alvarez also raises claims of ineffective assistance of counsel and contends that the sentencing court relied on an inaccurate PSR. Because we remand for resentencing to allow Alvarez to file a direct criminal appeal, we need not address these claims.
 
 
 16
 Accordingly, we VACATE Alvarez's sentence and REMAND for resentencing.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Fed.R.Crim.P. 32(a)(2) reads, in relevant part: "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence." (emphasis added)
 
 
 [2]
 "There is a split in the circuits regarding the proper standard for reviewing the trial court's failure to advise the defendant of his right to appeal. The majority rule is that when a trial court fails to inform a defendant of his right to appeal, the right to appeal must be reinstated without regard to whether the defendant knew of that right." Biro v. United States, 24 F.3d 1140, 1141-42 (9th Cir.1994) (stating that the First, Third, Fourth, Sixth, and Seventh Circuits [Nance v. United States, 422 F.2d 500 (7th Cir.1970) ] share the majority view with the Eighth Circuit in the minority)
 
 
 [3]
 Only the transcript of the sentencing hearing is contained in the record on appeal. The government does not argue on appeal that other portions of the record before the district court shed light on whether Alvarez was aware of his right to appeal
 
 
 [4]
 In determining that Alvarez would lose on direct appeal, the government relies on the PSR and the judgment and commitment order issued by the district court. However, neither of these documents are in the record before us