**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 3, 2008
Decided December 22, 2008

Before

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 05-1278

| | |
|---|---|
| LIZABETH S. CANTU and JUAN E. SOTO, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiffs-Appellants*, | |
| v. | No. 02 C 5635 |
| BRIDGESTONE CORPORATION and BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, | **Sarah Evans Barker**, *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

**A.**

In our study of the record in this case, we noted that, on December 28, 2005, counsel for the appellants and counsel for the appellees had submitted a document to the district court entitled "First Amended Agreed Motion to Dismiss with Prejudice as

to Defendants Firestone and Bridgestone." R.43. This document, which lists explicitly the present appellants, recites,

> [a]ll matters in controversy between the Movants have been settled, and consideration for the settlement has been paid in full. As part of the settlement, Movants have agreed that the case against defendants Firestone and Bridgestone Corporation ("Bridgestone") should be dismissed with prejudice. All Movants have further agreed that the dismissal with prejudice should extend to all claims that could have been asserted against defendants Firestone and Bridgestone, as well as all claims that actually were asserted against defendants Firestone and Bridgestone in this case.

*Id*.

We further noted that, on January 6, 2006, the district court had entered an order dismissing this case with prejudice. This order specifically mentions in its caption the appellants. R.45.

These documents suggest, on their face, that this case was settled by the parties and dismissed by the district court on that basis. Accordingly, we requested that the parties file with the court memoranda addressing why this appeal should not be dismissed as moot.

The parties have filed their memoranda in response to our order. All parties represent that the December 2005 motion reciting that Ms. Cantu and Mr. Soto had settled their claims was erroneous. According to the parties, in December 2004, a select group of plaintiffs, not including Mr. Soto or Ms. Cantu, settled with Bridgestone and Firestone. However, the papers filed with the district court only mentioned Firestone. In 2005, the district court brought to Firestone's attention that it was unclear whether this group of plaintiffs had settled against Bridgestone. Firestone's counsel notified counsel for all of the plaintiffs, including Ms. Cantu and Mr. Soto, of this development on December 19, 2005.[1]

The parties represent that, in an attempt to correct the error, counsel for defendants prepared and submitted to counsel for the plaintiffs amended forms of a motion, stipulation and order of dismissal to clarify that claims against Bridgestone

---

[1] Counsel for the settling plaintiffs is also Ms. Cantu and Mr. Soto's counsel.

were dismissed.  The parties represent that these documents mistakenly purported to dismiss with prejudice the claims of *all* plaintiffs, including Mr. Soto and Ms. Cantu. The district court, acting on the parties' agreed order and stipulation, then entered an erroneous dismissal against all plaintiffs.

Ms. Cantu and Mr. Soto further submit that plaintiffs' counsel did not receive a copy of the amended order and did not learn of it until Spring 2007.[2]  Failing to recognize that this issue affects our jurisdiction and, therefore, cannot be waived, *see United States v. Mosley*, 967 F.2d 242, 243 (7th Cir. 1992), they further contend that Bridgestone and Firestone have waived the issue of mootness.

All parties ask that the appeal not be dismissed as moot.  Bridgestone and Firestone alternatively request that the appeal be held in abeyance while the parties seek to amend the order of dismissal.

**B.**

This case is not ready for a definitive decision by an appellate court.  As the parties suggest, the district court must first correct its order of January 2006 if its recollection of the situation is the same as that of the parties.  However, even if the district court does determine that it erroneously included the parties now before us in the January 2006 order, there is another more fundamental problem.  In its present state, the record does not reflect that the district court ever rendered a final decision in this case with respect to the claims of Ms. Cantu and Mr. Soto.  In its February 2004 decision, the court dismissed these actions on forum non conveniens grounds, but only with respect to the claims against Firestone and Ford Motor Company.  Nothing was said about the claims against Bridgestone.  Nor was judgment entered against Ms. Cantu and Mr. Soto pursuant to Federal Rule of Civil Procedure 58(a).  The December 2004 order of the district court did not include Ms. Cantu and Mr. Soto, and, according to the parties, their inclusion in the district court's later January 2006 order was a scrivener's error.

Consequently, we must conclude that, with respect to the claims of Ms. Cantu and Mr. Soto, the record does not establish that the district court ever rendered a final

---

[2]  Ms. Cantu and Mr. Soto do not explain how they did not have any notice, given their counsel signed the amended stipulation of dismissal.

decision with respect to the claims of these parties against all defendants.  *See* 28 U.S.C. § 1291.  Even under the parties' account of the proceedings in the district court, the district court has not disposed of the plaintiffs' claims against Bridgestone.

## C.

Until it is established that this case still presents a live controversy and until the record affirmatively and definitively establishes that the district court has rendered a final decision, we cannot proceed with this adjudication.  Accordingly, we must remand this case to the district court for further proceedings.  First, the district court must determine whether this case still presents a live controversy.  To make this determination, the court should review the record and the submissions of the parties and determine definitively whether these parties settled their case or whether their inclusion in the district court's order of January 2006 was merely a scrivener's error.  Second, if the district court determines that the case presents a live controversy, the district court must  treat the claims of Ms. Cantu and Mr. Soto as a pending case on its docket until it renders a final decision.

We are aware of the significant workload confronting our colleague on the district court.  We nevertheless note that this case, for a variety of circumstances not within the control of the district court, has awaited definitive review for a substantial period of time.  We respectfully request that the district court resolve this matter as soon as possible.

When the district court renders a final decision, the parties may appeal once again to this court.  If they elect to appeal, they may do so without the payment of an additional docketing fee, and the case shall be returned to this panel for adjudication.  Additional briefing will not be required unless this court specifically directs, either on its own initiative or on motion of a party, that additional submissions be filed.

Accordingly, this appeal is dismissed for want of appellate jurisdiction.  The parties shall bear their own costs in this court.  This court's mandate shall issue immediately.

IT IS SO ORDERED